Dear Mr. Erdey:
This office is in receipt of your request for an opinion of the Attorney General in regard to the proper procedure for removal of a member of the Gravity Drainage District Board. You ask whether these board members need to be removed by a land owners petition and/or an administrative hearing with notice, cause and review.
Under R.S. 38:1751 a parish is given the discretion to create a gravity district, but in accordance with R.S. 38:1754 a gravity district shall be created by the police jury upon the petition of a majority in acres or land owners in the area to be formed into a gravity district. R.S. 38:1758 provides all gravity drainage districts shall be governed by five commissioners with the procedure for recommendation to the police jury for appointment set forth in R.S. 38:1759. R.S. 38:1759 further provides that two of the appointees will serve for two years and three for four years, and thereafter terms will all be for four years. R.S. 38:1761 sets forth the procedure for selection of commissioners when a gravity district is created with two or more parishes and states, "When all or portions of more than one parish are included within the district, the commissioners shall determine the terms by drawing lots for the long and short terms. Any commissioner so appointed may be removed for cause by the police jury appointing him. Failure or refusal by a commissioner to perform any or all of the duties prescribed by this Part shall be good cause for removal."
We find no statutory requirement that removal by the police jury be upon a petition by the land owners as in R.S. 38:1609 for drainage districts, although we find nothing that would prohibit land owners from filing a petition seeking removal of a commissioner. However, the statute only provides removal "for cause" by the police jury appointing him and places upon them the requirement of investigating and determining whether or not cause exists to permit removal by a majority vote. The statutory provisions do not set forth any other requirement and the Administrative Procedures Act only applies to state agencies, although it is obvious that a commissioner may contest a removal when he feels cause did not exist.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR